ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SARAH LEVITT (Cal. State Bar No.: 233646)
Assistant United States Attorney
Violent & Organized Crime
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2579
    Facsimile: (213) 894-3713
    E-mail: sarah.levitt@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 10-718-SJO |
|              Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| | ) <u>LING YU</u> |
|         v. | ) |
| | ) |
| ANGEL TOY CORPORATION, et al., | ) |
| | ) |
|            Defendants. | ) |
| | ) |

    1.  This constitutes the plea agreement between defendant LING YU ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

    2.  Defendant understands and agrees that this Agreement is part of a "package deal" in which the disposition of the case

against defendant is tied to and contingent on the dispositions of cases against two other defendants, namely, co-defendants Angel Toy Corporation and Meichun Cheng Huang.  Accordingly, defendant and the USAO agree that this Agreement and the obligations it creates will not become binding on the USAO and defendant unless and until by no later than March 8, 2011:   (a) defendant executes this Agreement and enters a guilty plea in accordance with this Agreement; and (b) co-defendants Angel Toy Corporation and Meichun Cheng Huang execute their plea agreements with the USAO and enter guilty pleas in accordance with those agreements.   Defendant acknowledges that defendant has discussed with defendant's attorney, and carefully considered, the possible advantages and disadvantages to defendant of entering into this Agreement as part of the package deal; defendant is entering into this Agreement as part of the package deal freely and voluntarily because defendant believes this Agreement and the package deal to be in defendant's best interests; and defendant is not entering into this Agreement as part of the package deal because of threats, coercion, or other undue influence by the USAO or by the other defendants who are part of the package deal, their counsel, or anyone acting on their behalf.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the Indictment in <u>United States v. Angel Toy Corporation, et al.</u>, CR No. 10-718-SJO.

2

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

h) Truthfully disclose to law enforcement officials at a date and time to be set by the USAO, the location of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, specifically including all, right, title and interest in and to all U.S. currency, including the following funds seized by law enforcement officials, which defendant admits constitute proceeds of defendant's illegal activity in violation of 31 U.S.C. § 5324(c)(3):

i.   $103,678.04 from Bank of America ("BofA") account number -5718 in the name of Angel Toy Corporation seized on June 18, 2009;

ii.  $44,516.53 from BofA account number -3388 in the name of Angel Toy Corporation seized on June 18, 2009;

iii. $41,345.81 from BofA account -8890 in the name of Angel Toy Corporation seized on August 11, 2009;

iv.  The following monetary instruments seized at Angel Toy Corporation, 930 South Alameda Street, Los Angeles, California on June 18, 2009:

    a.   $29,225.00 in U.S. Currency;

    b.   $16,200 in American Express Travelers Checks;

    c.   301 Chinese Yuan Renminbi VL: $39.64 in U.S. Currency;

    d.   19,980 Hong Kong Dollars VL: $2,371.63 in U.S. Currency; and,

    e.   1,100 New Taiwan Dollars VL: $32.74 in U.S. Currency.

i)   The Court's entry of a joint and several money judgment of forfeiture with co-defendants Angel Toy Corporation and Meichun Cheng Huang in the amount of $1,000,000.00, which the parties agree is the appropriate amount of property involved in defendant's illegal activity in violation of 31 U.S.C. § 5324(c)(3), pursuant 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e) as alleged in the criminal forfeiture allegation in the

1  Indictment.

2          j)    Take whatever steps are necessary to pass to the

3  United States clear title to the assets described above in

4  paragraph 3(h), including, without limitation, the execution of a

5  Consent Judgment of Forfeiture in the related civil forfeiture

6  action, United States v. $189,540.38 in Bank Funds; $29,225.00 in

7  U.S. Currency; $16,200 in American Express Travelers Checks; 301

8  Chinese Yuan Renminbi VL: $39.64 in U.S. Currency; 19,980 Hong

9  Kong Dollars VL: $2,371.63 in U.S. Currency; and 1,100 New Taiwan

10  Dollars VL: $32.74 in U.S. Currency, CV 09-7682-SJO(AGRx), and

11  the completing of any other legal documents required for the

12  transfer of title to the United States.

13          k)    Not contest any administrative forfeiture

14  proceedings or civil judicial proceedings commenced against these

15  assets pursuant to 21 U.S.C. § 881(a)(6), 31 U.S.C. § 5317(c)(2)

16  and 18 U.S.C. § 984.

17          l)    Not assist any individual or entity in any effort

18  falsely to contest the forfeiture of the assets described above.

19          m)    Not claim that reasonable cause to seize the

20  assets was lacking.

21          n)    Prevent the transfer, sale, destruction, or loss

22  of any and all assets described above to the extent defendant has

23  the ability to do so.

24          o)    That forfeiture of assets described above shall

25  not be counted toward satisfaction of any special assessment,

26  fine, costs, or any other penalty the Court may impose, other

27  than as set forth in paragraph 3(q) below.

28

1         p)  At the time of sentencing, to pay a fine in the

2 amount of $20,000 and to not claim an inability to pay this fine.

3         q)  That forfeiture of the assets described in

4 paragraphs 3(h)(i) - 3(h)(iv) above shall be counted toward

5 satisfaction of the money judgment of forfeiture in the amount of

6 $1,000,000.

7                 THE USAO'S OBLIGATIONS

8    4.  The USAO agrees to:

9         a) Not contest facts agreed to in this agreement.

10         b) Abide by all agreements regarding sentencing factors

11 contained in this agreement.

12         c) At the time of sentencing, move to dismiss the

13 remaining counts of the indictment as against defendant.

14 Defendant agrees, however, that at the time of sentencing the

15 Court may consider the dismissed counts in determining the

16 applicable Sentencing Guidelines range, the propriety and extent

17 of any departure from that range, and the sentence to be imposed

18 after consideration of the Sentencing Guidelines and all other

19 relevant factors under 18 U.S.C. § 3553(a).

20         d) At the time of sentencing, provided that defendant

21 demonstrates an acceptance of responsibility for the offense up

22 to and including the time of sentencing, recommend a two-level

23 reduction in the applicable Sentencing Guidelines offense level,

24 pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

25 move for an additional one-level reduction if available under

26 that section.

27         e) Recommend that defendant be sentenced to a term of

28 imprisonment not greater than 15 months.

1    f) Not to seek the two-level enhancement under U.S.S.G.

2    § 2S1.3(b)(1) based on defendant knowing or believing that the

3    funds were proceeds of unlawful activity, or were intended to

4    promote unlawful activity.  The USAO, however, may present

5    evidence of defendant's knowledge and belief that the funds were

6    proceeds of unlawful activity at the time of sentencing in

7    support of its overall sentencing recommendation and as relevant

8    for analysis under 18 U.S.C. § 3553(a).

9    g) Recommend to the Court that the fines and

10   forfeitures imposed by the Court not exceed the amounts specified

11   in paragraphs 3(h)-3(q) above.

12   h) Recommend to the Court that forfeiture of the assets

13   described in paragraphs 3(h)(i)-3(h)(iv) above shall be counted

14   toward satisfaction of the money judgment of forfeiture in the

15   amount of $1,000,000.

16                          <u>NATURE OF THE OFFENSE</u>

17   5.   Defendant understands that for defendant to be guilty of

18   the crime charged in Count One (violation of Title 18, United

19   States Code, Section 371), the following must be true: (1) there

20   was an agreement between two or more persons to structure

21   currency transactions with domestic financial institutions,

22   knowing of the domestic financial institution's legal obligation

23   to report transactions in excess of $10,000, and for the purpose

24   of evading that reporting obligation; (2) defendant became a

25   member of the conspiracy knowing of its object and intending to

26   help accomplish it; and (3) one of the members of the conspiracy

27   performed at least one overt act for the purpose of carrying out

28   the conspiracy.

1  Defendant admits that defendant is, in fact, guilty of this
2  offense as described in Count One of the Indictment.

3  <u>PENALTIES</u>

4  6.  Defendant understands that the statutory maximum
5  sentence that the Court can impose for a violation of Title 18,
6  United States Code, Section 371, is: 5 years imprisonment; a
7  3-year period of supervised release; a fine of $250,000 or twice
8  the gross gain or gross loss resulting from the offense,
9  whichever is greatest; and a mandatory special assessment of
10  $100.

11  7.  Defendant understands that supervised release is a
12  period of time following imprisonment during which defendant will
13  be subject to various restrictions and requirements.  Defendant
14  understands that if defendant violates one or more of the
15  conditions of any supervised release imposed, defendant may be
16  returned to prison for all or part of the term of supervised
17  release authorized by statute for the offense that resulted in
18  the term of supervised release, which could result in defendant
19  serving a total term of imprisonment greater than the statutory
20  maximum stated above.

21  8.  Defendant understands that, by pleading guilty,
22  defendant may be giving up valuable government benefits and
23  valuable civic rights, such as the right to vote, the right to
24  possess a firearm, the right to hold office, and the right to
25  serve on a jury.  Defendant understands that once the court
26  accepts defendant's guilty plea, it will be a federal felony for
27  defendant to possess a firearm or ammunition.  Defendant
28  understands that the conviction in this case may also subject

defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that by entering a guilty plea defendant waives any claim that unexpected immigration consequences may render defendant's guilty plea invalid.

<u>FACTUAL BASIS</u>

10.  Defendant and the USAO agree to the statement of facts provided below.  Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant Ling Yu ("defendant") is a co-owner and President of Angel Toy Corporation ("ATC") located in Los Angeles, California.  Beginning in at least 2000 and continuing to on or

9

1  about July of 2010, defendant and other owners and employees of
2  ATC entered into an agreement to structure currency transactions
3  to evade reporting requirements at domestic financial
4  institutions.  Specifically, defendant and other ATC owners and
5  employees entered into an agreement and created an understanding
6  that deposits of cash into ATC's bank accounts had to be under
7  $10,000.  Therefore, when individuals would provide large sums of
8  cash to ATC - cash in excess of $10,000 - defendant and other ATC
9  owners and employees would arrange for those large sums of cash
10  to be broken up into smaller amounts under $10,000.  In
11  furtherance of this agreement, ATC employees would then deposit
12  these smaller amounts into ATC's bank accounts.  Also in
13  furtherance of this agreement, ATC owners and employees
14  instructed certain ATC customers, including co-defendant Leonardo
15  Cuevas Otalora, that when these customers made deposits of cash
16  directly into ATC's bank accounts, those deposits had to be in
17  increments under $10,000.  ATC customers would then break up
18  larger transactions and make smaller deposits of less than
19  $10,000 over the course of one day or several consecutive days.
20      Defendant and ATC employees broke up these sums of cash so
21  that the bank would not file a report, known as a Currency
22  Transaction Report ("CTR"), documenting the deposit of more than
23  $10,000 in cash.  Defendant knew of the bank's legal obligation
24  to report cash transactions in excess of $10,000 and defendant
25  conspired with other ATC owners, employees, and customers to
26  break up cash deposits in order to evade this reporting
27  requirement.  During the course of this conspiracy, over
28  $1,000,000 was structured at ATC to evade the filing of CTRs.

10

## SENTENCING FACTORS

11.   Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 6 | U.S.S.G. § 2S1.3(a)(2) |
| Value of Funds more than $1,000,000 | : | +16 | U.S.S.G. §§ 2S1.3(a)(2); 2B1.1(b)(1)(I) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).  Defendant and the USAO agree, however, that the fine and forfeiture amounts specified in paragraphs 3(h)-3(q) above are the appropriate fine

and forfeiture amounts to be imposed by the Court and not to
argue that the fine and forfeiture amounts imposed by the Court
should be any different than those specified in paragraphs 3(h)-
3(q) above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty,
defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of an attorney at trial,
including the right to have the Court appoint an attorney to
represent defendant at trial.  Defendant understands, however,
that, despite defendant's guilty plea, defendant retains the
right to be represented by an attorney -- and, if necessary, to
have the Court appoint an attorney if defendant cannot afford one
-- at every other stage of the proceeding.

d) The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant
guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses
against defendant.

f) The right to testify on defendant's own behalf and
present evidence in opposition to the charges, including calling
witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

1      h) Any and all rights to pursue any affirmative

2 defenses, Fourth Amendment or Fifth Amendment claims, and other

3 pretrial motions that have been filed or could be filed.

WAIVER OF DNA TESTING

5    16.  Defendant has been advised that the government has in

6 its possession the following items of physical evidence that

7 could be subjected to DNA testing: papers, documents, and other

8 items seized from Angel Toy Corporation on or about June 18,

9 2009.  Defendant understands that the government does not intend

10 to conduct DNA testing of any of these items.  Defendant

11 understands: (a) before entering a guilty plea pursuant to this

12 agreement, defendant could request DNA testing of evidence in

13 this case; and (b) with respect to the offense to which defendant

14 is pleading guilty pursuant to this agreement, defendant would

15 have the right to request DNA testing of evidence after

16 conviction under the conditions specified in 18 U.S.C. § 3600.

17 Knowing and understanding defendant's right to request DNA

18 testing, defendant voluntarily gives up that right with respect

19 to both the specific items listed above and any other items of

20 evidence there may be in this case that might be subject to DNA

21 testing.  Defendant understands that by giving up this right: (a)

22 defendant is giving up any ability to request DNA testing of

23 evidence in this case in the current proceeding, in any

24 proceeding after conviction under 18 U.S.C. § 3600, and in any

25 other proceeding of any type; and (b) defendant will never have

26 another opportunity to have the evidence in this case, whether or

27 not listed above, submitted for DNA testing, and will never have

28 an opportunity to employ the results of DNA testing to support a

13

claim that defendant is innocent of the offense to which
defendant is pleading guilty.

### WAIVER OF APPEAL OF CONVICTION

17.  Defendant understands that, with the exception of an
appeal based on a claim that defendant's guilty plea were
involuntary, by pleading guilty defendant is waiving and giving
up any right to appeal defendant's conviction on the offense to
which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant agrees that, provided the Court: (1) imposes
a total term of imprisonment not greater than twelve months and
one day; (2) that the fine and forfeiture amounts imposed by the
Court do not exceed the amounts specified in paragraphs 3(h)-3(q)
above; and (3) the sentence is constitutional, defendant gives up
the right to appeal all of the following: (a) the procedures and
calculations used to determine and impose any portion of the
sentence; (b) the term of imprisonment imposed by the Court; (c)
the fine and forfeiture amounts imposed by the court, provided
they are within the statutory maximum; (d) the term of probation
or supervised release imposed by the Court, provided it is within
the statutory maximum; and (e) any of the following conditions of
probation or supervised release imposed by the Court: the
standard conditions set forth in General Orders 318, 01-05,
and/or 05-02 of this Court.

19.  The USAO agrees that, provided that the fine amount and
forfeiture imposed by the Court are not less than the amounts
specified in paragraphs 3(h)-3(q) above, the USAO gives up its
right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an
Assistant United States Attorney, knowingly violates or fails to
perform any of defendant's obligations under this agreement ("a
breach"), the USAO may declare this agreement breached.  All of
defendant's obligations are material, a single breach of this
agreement is sufficient for the USAO to declare a breach, and
defendant shall not be deemed to have cured a breach without the
express agreement of the USAO in writing.  If the USAO declares
this agreement breached, and the Court finds such a breach to
have occurred, then: (a) if defendant has previously entered a
guilty plea pursuant to this agreement, defendant will not be
able to withdraw the guilty plea, and (b) the USAO will be
relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of
this agreement by defendant, should the USAO choose to pursue any
charge or any civil, administrative, or regulatory action that
was either dismissed or not filed as a result of this agreement,
then:

a) Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of
this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on
the statute of limitations, any claim of pre-indictment delay, or
any speedy trial claim with respect to any such action, except to
the extent that such defenses existed as of the date of
defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a

16

1  hearing occurred prior to the breach); (ii) the agreed to factual

2  basis statement in this agreement; and (iii) any evidence derived

3  from such statements, shall be admissible against defendant in

4  any such action against defendant, and defendant waives and gives

5  up any claim under the United States Constitution, any statute,

6  Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

7  Federal Rules of Criminal Procedure, or any other federal rule,

8  that the statements or any evidence derived from the statements

9  should be suppressed or are inadmissible.

10                COURT AND PROBATION OFFICE NOT PARTIES

11      25.  Defendant understands that the Court and the United

12  States Probation Office are not parties to this agreement and

13  need not accept any of the USAO's sentencing recommendations or

14  the parties' agreements to facts or sentencing factors.

15      26.  Defendant understands that both defendant and the USAO

16  are free to: (a) supplement the facts by supplying relevant

17  information to the United States Probation Office and the Court,

18  (b) correct any and all factual misstatements relating to the

19  Court's Sentencing Guidelines calculations, and (c) argue on

20  appeal and collateral review that the Court's Sentencing

21  Guidelines calculations are not error, although each party agrees

22  to maintain its view that the calculations in paragraph 12 are

23  consistent with the facts of this case.  While this paragraph

24  permits both the USAO and defendant to submit full and complete

25  factual information to the United States Probation Office and the

26  Court, even if that factual information may be viewed as

27  inconsistent with the facts agreed to in this agreement, this

28

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

18

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

29.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney


_____          Date 2/28/11
SARAH LEVITT
Assistant United States Attorney


_____          2-24-2011
LING YU                             Date
Defendant


_____          2-24-11
STEVEN TOSCHER, Esq.               Date
Attorney for Defendant
Ling Yu

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  This agreement has also been read to me in Mandarin Chinese, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
LING YU                            2-24-2011
Defendant                          Date

## CERTIFICATION OF INTERPRETER

I, _Penny P. Kole_, am fluent in the written and spoken English and Mandarin Chinese languages.  I accurately

20

1  translated this entire agreement from English into Mandarin

2  Chinese to defendant Ling Yu on this date.

3

4  _____          _____2/24/11_____

5  Interpreter                                              Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Ling Yu's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        2-24-11
STEVEN TOSCHER, Esq.                    _____
Attorney for Defendant                  Date
Ling Yu